THE B., C. R. & M. R. CO. v. WHITNEY.

1. **Contract**: CONSTRUCTION. By the terms of a contract between W. and a railway company, he became bound to pay the latter fifteen hundred dollars if within a specified time it should have completed its road to West Union and have done half the grading between that place and the point of intersection with the M. & St. P. Railway: *Held*, that the company had not complied with the contract by completing the road between West Union and the point of intersection named, while it failed to construct its road to West Union from the other direction, and that the road must have been completed to West Union on the one side and half the grading done on the other.

2. ———: ———: EVIDENCE. A cotemporaneous agreement was not admissible to vary the terms of the written instrument.

3. ———: ———: WAIVER.   If, before the expiration of the time of per-
formance, W. had said that he was satisfied with the modification of the
terms of the contract and had then promised payment, notwithstanding
the modification, it might have been regarded by the company as a
waiver of the conditions.

*Appeal from Fayette Circuit Court.*

THURSDAY, APRIL 20.

THE defendant executed to the plaintiff a contract, in the
following words:

$1500.          WEST UNION, IOWA, July 15th, 1871.

For the consideration of the benefits to be derived from the
construction of the Burlington, Cedar Rapids & Minnesota
Railroad, and for the further purpose of securing the con-
struction of said road through West Union township, I
hereby agree to pay the sum of fifteen hundred dollars to the
Burlington, Cedar Rapids & Minnesota Railroad Company,
or bearer, with interest at six per cent after due; said sum
to be paid when said road is completed, and the cars running
to West Union, and a permanent depot established within
three-fourths of a mile of the court house in West Union,
and one-half the grading done between said West Union and
the point of the intersection of said road with the Milwaukee
& St. Paul Railroad; this obligation to be void if said road
is not completed and in operation as above stipulated, within
fifteen months after date.

[75 c. Int. Rev.]                    W. A. WHITNEY.

The plaintiff avers that it has duly performed all the con-
ditions of the contract by it to be performed, and that the
amount due thereon is unpaid, wherefore plaintiff asks judg-
ment.   The answer denies that the plaintiff has performed
all the conditions of the contract by it to be performed, and
avers that, at the time of the execution of said contract,
to wit: July 15th, 1871, plaintiff did propose and intend to
build and operate a railroad to run in a northeasterly direction
from a point at or near Cedar Rapids, on the main line of

plaintiff's railroad, in the State of Iowa, *via* Independence to West Union, in Fayette county, State of Iowa, thence *via* Clermont, in said Fayette county, to intersect the line of the Milwaukee & St. Paul Railway, at or near Postville, in Allamakee county, Iowa; that at the time of the execution of the said note or contract, as aforesaid, this plaintiff did propose and intend to construct and operate the aforesaid railway and complete the same to Independence, thence to West Union, and thence *via* Clermont to its terminus at or near Postville, and did at said time and prior thereto so represent to this defendant, for the purpose of inducing him to execute said note or contract, and relying thereon, defendant did execute the same; that the consideration of said note or contract was the completion and operation of said railroad in the manner aforesaid, and the establishment of a permanent depot within three-fourths of a mile of the court house at West Union, and the grading of one-half of said railroad between West Union and the intersection thereof with the Milwaukee & St. Paul Railway, and all to be performed within fifteen months from the date of said note or contract, to wit: by the 15th day of October, 1872, and that the same are the conditions stipulated in said note or contract to be performed by plaintiff. And defendant alleges that the plaintiff has wholly failed to construct said railroad in the manner and by the time aforesaid, wherefore he alleges that said note or contract is without consideration and void; and defendant demands judgment for costs.

Plaintiff's reply denies the allegations of the answer, and avers in substance that, at the time of the execution of the contract, it was agreed by parol between plaintiff and defendant that plaintiff should have the option to do half the grading from Postville to West Union and complete the road from the other direction to West Union, or complete the road from Postville and do nothing in the other direction.

The plaintiff also filed an amendment to its petition, averring in substance that, subsequent to the making of the contract, the defendant urged the plaintiff to construct its road by commencing at Postville instead of Cedar Rapids, and

that plaintiff was thereby induced to commence at Postville, and construct its road to West Union from that point first, and that defendant, after the construction of the road from Postville, expressed himself as satisfied with the same and declared his intention to pay the amount called for by said contract. Trial to the court. Judgment for defendant. Plaintiff appeals.

*A. S. Belt* and *Rickel & Clements*, for appellant.

If extrinsic evidence must be resorted to to explain either the note or contract, the court should consider all the circumstances of the parties and the object of the negotiations. (*Field v. Shricker*, 14 Iowa, 119; *Karmuller v. Krotz*, 18 Id., 352; *McCrany v. Griffin*, 13 Id., 313; *Foley v. Ragan*, 4 Id., 1.) The circumstances may be developed for the purpose of arriving at the intention of the parties, when that does not clearly appear on the face of the instrument; but the intention will not be enforced unless consistent with the language of the instrument. (*McClelland v. James*, 33 Iowa, 577.) As to the terms, conditions and limitations of the agreement, the contract must speak for itself. (2 Pars. on Con., pp. 549–50.)

*Willett & Wellington*, for appellee.

While evidence other than that of the writing itself is not admissible to show the language of the parties in making their agreement, yet the instrument must be read in the light of attending circumstances, to more clearly understand the intent and meaning of the parties. (1 Greenl. on Ev., p. 365; *Blossom v. Griffin*, 3 Kernan, 573; *Wilson v. Troup*, 2 Cowen, 228; *Ashworth v. Canton*, 12 Ohio, 381; *Atherton v. Dearmond*, 33 Iowa, 354.) The patent ambiguity is that which remains uncertain to the court, after all the evidence of collateral facts and circumstances is exhausted. (1 Greenl. on Ev., p. 403: *Jackson v. Sills*, 11 Johns., 201; *Corbett v. Berryhill*, 29 Iowa, 160; 2 Pars. on Con., p. 557.) Evidence of extrinsic circumstances is admissible only when it is ex-

planatory; never when it is contradictory. (*Corbett v. Berryhill, supra; Bell v. Halford*, 1 Duer., 765; *McClelland v. James*, 33 Iowa, 577.) When the time of performance of an act or condition precedent is fixed by the contract, the act or condition must be performed at or within the time. (*The B & M. R. R. Co. v. Boestler*, 15 Iowa, 558; *Thompson v. Oliver*, 18 Id., 419; *Smith v. Briggs*, 3 Denio, 73; *Kellogg v. Nelson*, 5 Wis., 129.) No judgment shall be reversed or affected by reason of an error or defect which does not affect the substantial rights of the adverse party. (*Young v. Broadbent*, 23 Iowa, 543; *Clay v. Alcock*, Id., 493; *Turner v. Third Nat. Bank of Keokuk*, 30 Id., 193; *Johnson v. Chase*, Id., 309; *Cotes & Patchin v. Davenport*, 9 Id., 237.)

ADAMS, J.— It is conceded that the road was completed from Postville to West Union within the time provided in the contract. It is also conceded that Postville is the point of intersection of plaintiff's road with the Milwaukee and St. Paul road. The plaintiff claims, therefore, that it has performed its contract.

The terms of the contract on this point are that until the road should be completed and the cars running to West

1. CONTRACT: construction. Union, *and* one-half of the grading should be done between West Union and the point of intersection with the Milwaukee & St. Paul Railway, defendant's obligation should not be payable; and, if not completed and the cars running to West Union by October 15, 1872, the contract should be void. The plaintiff contends that within that time the road was completed and the cars running to West Union, and not only half but all the grading done between West Union and the point of intersection with the Milwaukee road. In a strictly literal sense this was true, but was it true within the meaning of the contract, as the parties understood it? We are inquiring now in regard to the contract as it was expressed on paper simply, and not as it might have been added to or modified by parol. Looking at the contract alone it seems to us to leave no doubt as to what the parties intended. Some work was to be done along the whole

line.  Between Postville and West Union the grading was to be half done.  In the other direction the road was to be completed to West Union and the cars running.  It may be that the defendant's interests were better served by completing the road from Postville and doing nothing in the other direction, and that defendant preferred it and urged it, but we are not allowed to interpret the contract in the light of his interests, or in the light of what he said about it.

So far as the question is concerned as to whether the road was to be completed on the Postville side of West Union, or on the other side, the contract must speak for itself.  The contemporaneous parol agreement, set up in the plaintiff's reply, could not properly be shown if it was made.  But plaintiff avers, by way of amendment to its petition, that, after the contract was made, the defendant stated that he preferred that the plaintiff should construct its road first from Postville instead of from Cedar Rapids, and urged the plaintiff to do so, and that plaintiff was thereby induced to do it.  To this it may be said that the evidence on this point is conflicting, and we cannot disturb the judgment of the Circuit Court.  But, further than that, it may be said that, taking the plaintiff's averment to be true, it does not appear that defendant agreed to dispense with the performance of the conditions of the contract, or estopped himself from saying that they were not performed.  He might have urged the plaintiff to construct the road on the Postville side of West Union first, without intending to dispense with its construction on the other side within the fifteen months.

*2. —— : —— : evidence.*

If, before the expiration of the fifteen months, defendant had said that he was satisfied and would pay the amount of the contract, and plaintiff had acted upon or changed its conduct by reason of the declaration, that might properly have been regarded by plaintiff as a waiver of the conditions to be performed by it.  But such is not the plaintiff's averment.  Besides, the evidence is conflicting as to what the defendant said.

*3. —— : —— : waiver.*

The judgment of the Circuit Court must be

AFFIRMED.